UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

TOM LENNY DE LA TORRE,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

(S2) 21 Cr. 466 (LAK)

WHEREAS, on or about August 8, 2022, TOM LENNY DE LA TORRE (the "Defendant"), was charged in a three-count Superseding Information, (S2) 21 Cr. 466 (LAK) (the "Information"), with narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count One); money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Count Two); and alien smuggling, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i) and Title 18, United States Code, Section 2 (Count Three);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Information, and any and all property used, or intended to be used, in any matter or part, to commit, or to facilitate the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, the Information included a second forfeiture allegation as to Count Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code,

Section 982(a)(1), any and all property, real and personal, involved in the offense charged in Count Two of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Two of the Information;

WHEREAS, the Information included a third forfeiture allegation as to Count Three of the Information, seeking forfeiture to the United States, pursuant to Title 8, United States Code, Section 1324(b), and Title 18, United States Code, Section 982(a)(6), of all conveyances, including any vessel, vehicle, or aircraft, used in the commission of the offense charged in Count Three of the Information, and all property traceable to such conveyances; the gross proceeds of the offense charged in Count Three of the Information, and all property traceable to such proceeds; all property, real and personal, that constitutes, or is derived from, or is traceable to the proceeds obtained, directly or indirectly, from the commission of the offense charged in Count Three of the Information; and all property, real or personal, that was used to facilitate, or was intended to be used to facilitate, the commission of the offense charged in Count Three of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Three of the Information;

WHEREAS, on or about August 8, 2022, the Defendant pled guilty to Counts One through Three of the Information, pursuant to an agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One through Three of the Information and agreed to forfeit to the United States, pursuant to Title 8, United States Code, Section 1324(b); Title 18, United States Code, Sections 982(a)(1) and 982(a)(6); and Title 21, United States Code, Section 853, a sum of money in United States currency, representing proceeds

traceable to the commission of, and involved in, the offenses charged in Counts One through Three of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $70,000 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One and Three of the Information that the Defendant personally obtained, and the property involved in the offense charged in Count Two of the Information; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Three of the Indictment that the Defendant personally obtained, and the property involved in the offense charged in Count Two of the Information, cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Samuel P. Rothschild, of counsel, and the Defendant and his counsel, David S. Greenfield, Esq., that:

1. As a result of the offenses charged in Counts One, Two and Three of the Information, to which the Defendant pled guilty, a money judgment in the amount of $70,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Three of the Information that the Defendant personally obtained, and the property involved in the offense charged in Count Two of the Information, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant TOM

LENNY DE LA TORRE, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____*Samuel P. Rothschild*_____        5/1/23
SAMUEL P. ROTHSCHILD                          DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2504


TOM LENNY DE LA TORRE

By: _____        25/5/23
TOM LENNY DE LA TORRE                          DATE

By: _____        5/24/23
DAVID S. GREENFIELD, ESQ.                      DATE
Attorney for Defendant
100 Lafayette Street, Suite 502
New York, NY 10013


SO ORDERED:

_____        5/25/23
HONORABLE LEWIS A. KAPLAN                     DATE
UNITED STATES DISTRICT JUDGE